UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TROY SHIELDS, | ) |
|                 Petitioner, | ) |
| vs. | ) No. 2:15-cv-00355-WTL-MJD |
| BRIAN SMITH, | ) |
|                 Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Troy Shields for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. JCU 15-08-0015. For the reasons explained in this Entry, Shields' habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Shields brings the current action pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary conviction for class B-247 solicitation of unauthorized personal information after a hearing that took place at the Edinburgh Correctional Facility.

**B. The Disciplinary Proceeding**

On August 16, 2015, Correctional Officer Young issued a Report of Conduct charging Shields with solicitation of unauthorized personal information in violation of Code B-247. The Report of Conduct states:

> [Ineligible] Incident Offender Shields Troy DOC #145960 ask[ed] me C/O Young if I would get him a p.o. box so he could write me[.] I told [him do] not ask again[. O]n 8-15-15 I Ofc Young was posted in C- Dorm when app[roached] by Offender Shields Troy ask[ed] again about p.o. box which time again I said no[. O]n 8-16-15 I told Sergeant Behmlander about the issue.

Shields was notified of the charge the same day when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Shields did not want to call any witnesses or request any evidence and that Shields decided to plead guilty to the offense.

The disciplinary hearing was completed the same day with the Screening Officer serving as the Hearing Officer because Shields pled guilty and waived hearing notice. The Hearing Officer noted that Shields stated that he "was sorry." After Shields pled guilty, the Hearing Officer found that Shields violated Code B-247. The sanctions included a written reprimand, the deprivation of 60 days of earned credit time, and the demotion from credit class I to class II. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Shields filed an appeal to the Facility Head, which was denied. Shields then appealed to the Final Review Authority, who denied the appeal on September 28, 2015.

**C. Proposed Grounds for Relief**

Shields raises three issues in his petition. First, he argues that he is entitled to relief because his conduct report was issued on an old state form that had been revised. Shields states that because this form was used, a shift supervisor did not review or sign off on the report. Shields states that had a supervisor reviewed the conduct report, the outcome of this case would have been different.

Next, Shields states that the Screening Officer coerced him and promised him things. Specifically the Screening Officer promised that if Shields waived his rights and 24 hour notice that sanctions imposed would be easier and that he would not be transferred to another facility. Shields states that he was told to place his initials next to his rights and that he did not understand how waiving his rights could affect the outcome of this case.

Finally, Shields argues that he did not have an impartial Hearing Officer because the Screening Officer conducted the screening, hearing and approval of sanctions. Most concerning to Shields is the fact that the sanctions imposed were allegedly not approved of by a higher authority.

**D. Waiver**

The respondent argues that Shields did not appeal his concern that the conduct report had been written on an old form, nor did he state that he was coerced into pleading guilty. Shields argues in response that respondent's exhibits D and E demonstrate that he did appeal these grounds by stating "policies and procedures not followed correctly" and "extortion" "deceit" in his appeals. But the these words are insufficient to put the defendants on notice of Shields' concerns regarding the form used and that he felt coerced into pleading guilty.

The respondent is correct. Because Shields did not raise these arguments during his administrative appeals (Exs. D, E), he has now waived them. An offender's failure to properly exhaust his claims in the state administrative process means the claims are procedurally defaulted.

3

*Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

In addition, the use of the wrong form could not have violated Shields' rights. The sanctions imposed were reviewed and affirmed on appeal. Similarly, Shields does not explain with any particularity in the course of his appeal or in this habeas action what the Screening Officer said or did which suggests that Shields was coerced into pleading guilty.

### E. Unbiased Decision Maker

Shields' final claim is that he was denied an unbiased decision maker because the Screening Officer also served as the Hearing Officer who imposed the sanctions. In reply, Shields affirms that the issue is not that the Screening Officer held the hearing, but that the Hearing Officer approved his own sanctions. He states that this "clearly has procedural errors and is not impartial to the offender rights." Dkt. 13 at p. 4. But the sanctions were reviewed and affirmed on appeal. An independent review of the sanctions was in fact undertaken.

In addition, as the respondent points out, Shields has not made any showing that the Screening Officer was in any way actually biased against him or that the guilty finding or sanctions would have been different with another Hearing Officer. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (employing harmless error analysis to due process error in disciplinary proceeding); *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (without a showing of prejudice claim of due process violation failed).

### F. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there

was no constitutional infirmity in the proceeding which entitles Shields to the relief he seeks. Accordingly, Shield's petition for a writ of habeas corpus must be **denied** and the action dismissed.

The petitioner's motion for ruling [dkt. 18] is **granted.** Judgment dismissing this action consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/4/16

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

TROY SHIELDS, DOC # 145960
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel